UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK and KATRINA DANIELS,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,

Defendant.

Case No. 13-11238
Honorable Julian Abele Cook, Jr.

ORDER

In this civil lawsuit, the Plaintiffs, Derrick and Katrina Daniels, allege that the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") failed to honor the terms of its automobile insurance policy. In making this allegation, they seek (1) no-fault and uninsured motorist benefits for Derrick Daniels and (2) property damage benefits for Katrina Daniels.

Currently pending is State Farm's motion for (1) the entry of a summary judgment in connection with the Plaintiffs' uninsured motorist claim, and (2) the dismissal of all claims for lack of subject matter jurisdiction.

I.

On November 22, 2012, Derrick Daniels was driving Katrina Daniels' automobile in Detroit, Michigan when he was involved in an accident with Mallory Matthews, an uninsured driver. The Daniels and Matthews are all citizens of Michigan.

After the collision, Derrick Daniels attempted to exchange information with Matthews, who refused to provide registration, proof of insurance, or a license. Daniels asserts that he attempted

to call for emergency assistance, but was dissuaded from doing so by Matthews, who threatened him with a handgun and then drove away without identifying himself. According to Daniels, this collision caused him to sustain the following injuries: namely, a left rotator cuff injury, aggravation of bulging discs, numbness and tingling in the upper/lower extremities, thoracic segmental dysfunction, thoracic sprain/strain, cervical segmental dysfunction, cervico-brachial syndrome, lumbar segmental dysfunction, headaches, and groin pain. The damages to Katrina Daniels' car was reported to be $7,605.

At the time of the accident, Daniels' vehicle was insured by State Farm. The insurance policy booklet – policy form 9822B – provides that in a case of an accident with an uninsured motorist, any lawsuit against State Farm for uninsured motorist benefits must identify (1) the insurer, (2) the owner and driver of the uninsured automobile, and (3) any other party who may be legally liable for the claimed damages. Def. Mot. Summary Judgment, Ex. 2, at 17. The same policy also provides that legal action may not be brought against State Farm until the insured has fully complied with all of its provisions. *Id.* at 37.

On March 20, 2013, the Daniels filed this lawsuit for property damage, uninsured motorist benefits, and personal insurance protection benefits. The Plaintiffs did not identify Matthews as a defendant in this lawsuit. In their complaint, they alleged that the amount in controversy exceeded $75,000. However, as of March 21st, they had only submitted $9,555.50 in claims for no-fault benefits and property damages. On July 31, 2013, State Farm - citing to this deficiency in the complaint - filed the now pending motion for summary judgment.

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure

56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a motion for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record which demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts

of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If the attack on jurisdiction is a facial attack on the complaint - that is, if it is a challenge to the sufficiency of the pleading itself - the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party. *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). However, if the attack challenges the factual existence of subject matter jurisdiction, the presumption of truthfulness does not apply, and the court may look to evidence outside the pleadings and resolve the factual disputes. *Id.* (when resolving factual challenge to subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" (citation omitted)); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("In reviewing [such] motions, a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." (citation omitted)). Here, where the movant challenges the factual existence of subject matter jurisdiction, the attack is factual.

III.

State Farm initially seeks the entry of a summary judgment in connection with the Daniels' claim of uninsured motorist benefits on the grounds that (1) the relevant insurance policy requires that the uninsured motorist must be joined as a party in a lawsuit for uninsured motorist benefits, and (2) the joinder of the motorist will destroy the basis for the jurisdiction of this Court. The Daniels agree with these assertions and stipulate to a dismissal of their claims for uninsured motorist benefits.

State Farm next contends that the remainder of its case must be dismissed because the Daniels cannot meet the amount-in-controversy requirement of $75,000. In making this argument, State Farm reasons that on the date when the complaint was filed, the Daniels had only requested a total of $9,555.50 in claims for no-fault benefits and property damage - an amount far below the jurisdictional threshold. The Daniels' disagree, maintaining that the statutory amount-in-controversy requirement has been satisfied.

Federal court jurisdiction that is premised on the satisfaction on its diversity of citizenship requirement is proper only if (1) the parties are completely diverse, and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the [dispositive] motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

In order for a case to be dismissed on the basis of an insufficient amount in controversy, it must appear that the Plaintiffs' assertions of the amount in controversy were made in bad faith. *Grange Mut. Casualty Co. v. Safeco Ins. Co. of America*, 565 F. Supp. 2d 779, 783 (E.D. Ky 2008). Bad faith is established where the Defendant can demonstrate to a legal certainty that the original

claim was really for less than the amount-in-controversy requirement. *Schultz v. Gen. RV Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "'[T]he amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced.'" *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983) (quoting *Worthams v. Atlanta Life Insurance Co.*, 533 F.2d 994, 997–98 (6th Cir. 1976)).

In their opposition to State Farm's motion, the Daniels have provided (1) proof of medical expenses totaling $52,431.88, (2) an additional claim of $15,660 in wage losses, and (3) a claim of approximately $142,560 in attendant care and motor vehicular services. Citing to these additional claims, the Daniels contend that the total personal protection insurance claim will equal $216,591.88. State Farm objects to the inclusion of these additional claims, contending that (1) some of these claims were not incurred prior to the filing of the complaint and (2) none of the claims were submitted to State Farm with reasonable proof of loss.

The essence of State Farm's opposition to the inclusion of the additional claims is that "[s]ince reasonable proof of those claims was not submitted to [State Farm] prior to the date [the Daniels'] complaint was filed, the benefits are not overdue and, therefore, [the Plaintiffs']plaintiffs' claim to these benefits is not ripe." Def. Reply Br. 3. It appears that State Farm's contention that a claim for benefits is not ripe until the benefits are "overdue" is not supported by Michigan law. Rather, personal protection insurance benefits in Michigan are payable as the loss accrues. Mich. Comp. Laws § 500.3142(1).

Significantly, State Farm has failed to cite any case law that support this argument. Instead, it cites to § 500.3142, which simply states that benefits are subject to an additional interest rate penalty of 12% when they become overdue. *See, e.g., Proudfoot v. State Farm Mut. Ins. Co.*, 673

N.W.2d 739, 744 (Mich. 2003); *Nash v. Detroit Auto. Inter-Insurance Exchange*, 327 N.W.2d 521, 522-23 (Mich. Ct. App. 1982). Section 3142 does not state that a plaintiff must wait until benefits are overdue before filing a lawsuit.

State Farm has also ignored the fact that the Daniels have not limited their complaint to a request for past-due claims. They have also requested the entry of a declaratory judgment that would define State Farm's obligation to provide personal insurance protection benefits and property damage compensation. According to the Michigan Court of Appeals:

> The purpose of a declaratory judgment is to enable the parties to obtain adjudication of rights *before an actual injury occurs, to settle a matter before it ripens into a violation of the law or a breach of contract*, or to avoid multiplicity of actions by affording a remedy for declaring in expedient action the rights and obligations of all litigants.

*Rose v. State Farm Mut. Auto. Ins. Co.*, 732 N.W. 2d 160, 162 (Mich. Ct. App. 2006) (emphasis added). According to Michigan law, an insured may seek declaratory relief for future no-fault benefits, even if the expenses have not yet been incurred. *Id.* (citing *Manley v. Detroit Automobile Inter-Ins. Exch.*, 388 N.W.2d 216 (1986)). Thus, for the purposes of a declaratory judgment action, the law in Michigan does not require the plaintiffs to wait until their benefits are overdue before seeking a clarification of their rights under the insurance policy.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, the Daniels seek a declaratory judgment for benefits totaling well over $75,000. The fact that State Farm may have some defenses to these claims does not modify the calculus for the purpose of determining jurisdiction. As State Farm has not demonstrated that the Plaintiffs's assertions of the amount in controversy were made in bad

faith, its motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is denied.

This does not end the matter, however. State Farm also submits that even if the amount-in-controversy requirement is met, the case must be dismissed on jurisdictional grounds because the uninsured motorist must be joined under Federal Rule of Civil Procedure 19(b) as an indispensable party, which, in turn, will destroy diversity.

Prior to considering whether this uninsured motorist is indispensable, the Court must first determine whether he is a necessary party pursuant to Rule 19(a). *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763-64 (6th Cir. 1999). Rule 19(a) requires that a party

> whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Here, State Farm contends that Matthews must be joined because the policy for uninsured motorist benefits requires his joinder in any lawsuit for uninsured motorist benefits. However, this contract provision is not applicable to this controversy. Here, the Daniels have voluntarily dismissed their claims for uninsured motorist benefits. They are now only pursuing claims for personal injury protection and property benefits. State Farm has not pointed to any language in the policy which requires the joinder of an uninsured motorist for these benefits. In an action for personal injury protection and property benefits, the Court will be able to provide complete relief

to the parties without the presence of the uninsured motorist.[1] Finally, there is no contention by State Farm that this uninsured motorist has any interest in these benefits that would be impeded by proceeding in his absence.

State Farm also contends that the person who has been identified herein as an uninsured motorist is an indispensable party to this litigation because if he is not included, the Daniels will file a separate claim for uninsured motorist benefits in a state court, which would subject it to double litigation. However, Rule 19 is implicated where a party will be subjected to inconsistent *obligations*, not multiple litigation. Fed. R. Civ. P. 19(a); *see also Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) ("The threat of multiple litigation will not make a party indispensable but the threat of inconsistent obligations will."). The Michigan Court of Appeals has expressly stated that "[u]ninsured motorist benefits are distinct from personal protection insurance benefits." *Citizens Ins. Co. of Am. v. Buck*, 548 N.W.2d 680, 684 (Mich. Ct. App. 1996). Here, the Daniels propose to raise two separate claims in two separate lawsuits, the results of which are independent of each other. Thus, there is no indication that the failure to join this uninsured motorist will subject State Farm to conflicting obligations. As Matthews is not a necessary party, there is no need to consider whether he is indispensable. State Farm's motion for summary judgment is denied.

Finally, State Farm has filed a motion for Rule 11 sanctions against the Daniels on the

---

[1]Michigan law permits a litigant, such as State Farm, to initiate an action for contribution from the uninsured motorist. However, this possibility does not make him a necessary party. *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 217 (E.D. Mich. 1995) (the complete relief provision of Rule 19(a) "relates to those persons already parties and does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible.").

grounds that their claims are frivolous because (1) the Daniels failed to name Matthews as a defendant as required by the insurance policy, and (2) the Court lacks jurisdiction over their claims. The Court finds this motion to be without merit. While the Daniels did allege a claim of uninsured motorist benefits without naming the uninsured motorist, they contend that they could not have included him in the original complaint because they had not yet discovered his identity. More importantly, they stipulated to the dismissal of this claim in their response to State Farm's motion for summary judgment. As to the second ground, the Court has determined that the amount-in-controversy requirement is satisfied and that jurisdiction is proper. Consequently, the Daniels' remaining claims are not frivolous.

IV.

On the basis of the parties stipulation, the Daniels' claim for uninsured motorist benefits is dismissed. For the reasons that have been set forth above, the Court denies the remainder of State Farm's motion for summary judgment (ECF No. 11) and denies State Farm's motion for sanctions (ECF No. 25).

IT IS SO ORDERED.

Date: March 31, 2014

s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2014

s/ Kay Doaks

Case Manager